J-S44027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDRICK GORDON, | : | |
| | : | |
| Appellant | : | No. 1518 EDA 2017 |

Appeal from the Judgment of Sentence March 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002140-2016, CP-51-CR-0002142-2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:               **FILED AUGUST 06, 2018**

Frederick Gordon (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of multiple charges, including persons not to possess firearms and theft from a motor vehicle, the latter graded as a felony of the third degree ("F3").[1]  Appellant challenges the sufficiency of the evidence as to these two convictions.  We hold that Appellant is entitled to relief.  Therefore, we affirm in part, reverse in part, and remand for resentencing.

The Commonwealth charged Appellant at two dockets with multiple crimes related to Appellant breaking into two parked cars and taking items,

_____

[1] **See** 18 Pa.C.S.A. §§ 3934(b)(2) (theft from a motor vehicle is graded as an F3 when it is the third or subsequent offense within a 5-year period), 6105 (persons not to possess firearms).

including a gun, from one of the cars. His case proceeded to trial on January 6, 2017. One of the victims and a police officer testified, and the Commonwealth played surveillance video. Significantly, although Appellant had an extensive prior criminal history, the Commonwealth did not introduce any evidence of it at trial. *See* N.T. Sentencing, 3/20/17, at 4, 11 (Appellant's criminal history included 29 convictions, which included theft and aggravated assault, 35 commitments, 30 probation violations, and 23 probation revocations). Appellant did not testify or present any evidence. At docket CP-51-CR-0002140-2016 ("Docket 2140"), the trial court found Appellant guilty of persons not to possess firearms, firearms not to be carried without a license, carrying firearms on public streets in Philadelphia,[2] theft from a motor vehicle — graded as an F3, and receiving stolen property.[3] At docket CP-51-CR-0002142-2016 ("Docket 2142"), the court found him guilty of resisting arrest,[4] as well as additional counts of theft from a motor vehicle — graded as an F3, and receiving stolen property.

On March 20, 2017, the trial court sentenced Appellant at Docket 2140 as follows: (1) 4 to 8 years' imprisonment for persons not to possess firearms; (2) 2 years' probation for theft from a motor vehicle; and (3) 2 years'

---

[2] 18 Pa.C.S.A. §§ 6106, 6108.

[3] 18 Pa.C.S.A. § 3925(a).

[4] 18 Pa.C.S.A. § 5104.

probation for receiving stolen property, to run concurrently with the other probationary term; and (3) no further penalty on his remaining firearms convictions. At Docket 2142, the court sentenced Appellant to: (1) 1 to 2 years' imprisonment for receiving stolen property, to run concurrently with the sentence for persons not to possess a firearm; and (2) no further penalty on the resisting arrest or remaining theft from a motor vehicle conviction. Appellant's aggregate sentence was thus 4 to 8 years' imprisonment and a consecutive 2 years' probation.

Appellant filed a timely post-sentence motion at Docket 2140, which was denied on April 26, 2017. He did not, however, file a post-sentence motion at Docket 2142. Appellant filed notices of appeal at both dockets on May 10, 2017. Both the trial court and Appellant complied with Pennsylvania Rule of Appellate Procedure 1925.

On June 16, 2017, this Court issued a rule to show cause why the appeal at Docket 2142 should not be quashed as untimely, where no post-sentence motion was filed. *See* Pa.R.Crim.P. 720(A)(2)(a), (3) (if defendant files a timely post-sentence motion, notice of appeal shall be filed within 30 days of order deciding the motion, but if defendant does not file a timely post-sentence motion, notice of appeal shall be filed within 30 days of imposition of sentence). Appellant's counsel filed a response agreeing that the appeal at Docket 2142 was untimely, and this Court quashed that appeal by order dated July 18, 2017. Accordingly, only the appeal at Docket 2140 is before us.

Appellant presents the following issues for our review:

[1.] Was not the evidence insufficient to convict [A]ppellant of persons not to possess a firearm, 18 Pa.C.S. § 6105, where there was no evidence that he had a predicate conviction under 18 Pa.C.S. § 6105(b) or met the criteria of 18 Pa.C.S. § 6105(c)?

[2.] Were not the convictions for theft from a motor vehicle improperly graded as felonies of the third degree, where no evidence was presented to prove either offense was [A]ppellant's third or subsequent offense within a five-year period?

Appellant's Brief at 2.

"In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to prove every element of the offense beyond a reasonable doubt." ***Commonwealth v. Thomas***, 988 A.2d 669, 670 (Pa. Super. 2009). "[W]hen interpreting a statute, our courts must give plain meaning to the words therein. ***See*** 1 Pa.C.S.A. §§ 1901, 1903." ***Commonwealth v. James***, 863 A.2d 1179, 1182 (Pa. Super. 2004).

Our Crimes Code defines the offense of persons not to possess firearms as follows:

**(a) Offense defined.**

(1) A person who has been convicted of an offense enumerated in subsection (b) . . . or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

\* \* \*

- 4 -

**(b) Enumerated offenses. —**

The following offenses shall apply to subsection (a):

[List of offenses]

**(c) Other persons. —** In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

(1) A person who is a fugitive from justice. . . .

(2) A person who has been convicted . . . under . . . The Controlled Substance, Drug, Device and Cosmetic Act . . . .

18 Pa.C.S.A. § 6105(a)(1), (b), (c). Generally, "[i]n order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm **and** that he was convicted of an enumerated offense that prohibits him from possessing . . . a firearm." ***Thomas***, 988 A.2d at 670 (emphasis added).

Pennsylvania's theft from a motor vehicle statute states in pertinent part:

**(a) Offense defined. —** A person commits the offense of theft from a motor vehicle if he unlawfully takes or attempts to take possession of, carries away or exercises unlawful control over any movable property of another from a motor vehicle with the intent to deprive him thereof.

**(b) Grading.**

\* \* \*

(2) When the offense is a third or subsequent offense within a five-year period, regardless of the amount involved and regardless of the grading of the prior offenses, an offense under this section is a felony of the third degree.

18 Pa.C.S.A. § 3934(a), (b)(2).

In his first issue, Appellant avers that the evidence was insufficient to support his conviction of persons not to possess firearms, where the Commonwealth presented no evidence that he was previously convicted of an offense enumerated in Subsection 6105(b), nor evidence that he met any of the criteria in Subsection (c).

In his second issue, Appellant alleges that the evidence was insufficient to support his conviction of theft from a motor vehicle graded as a third-degree felony. Appellant contends that the Commonwealth failed to present any evidence that the theft charge was his third or subsequent offense within a 5-year period, as required by Subsection 3934(b)(2).

In its opinion, the trial court acknowledges that while Appellant has been convicted of multiple offenses preventing him from possessing a firearm under Section 6105, "the Commonwealth neglected to introduce the quarter sessions file or a criminal extract to establish" these convictions. Trial Court Opinion, 1/12/18, at 11. With respect to Appellant's F3-graded theft from a motor vehicle conviction, the trial court likewise states that the trial "record does not contain any evidence establishing that this was his third or subsequent theft." *Id.* at 12. The trial court thus suggests that Appellant's convictions of persons not to possess firearms and theft from a motor vehicle should be reversed. *Id.* at 7. The Commonwealth agrees with the trial court's assessment, based on its concession that "proof of [Appellant's] criminal record was not presented

at trial." Commonwealth Brief at 4. The Commonwealth states that Appellant's other convictions "remain valid." *Id*.

After careful review of the trial transcript, the trial court's opinion, and the parties' briefs, we agree with the trial court's analysis. Although Appellant's extensive criminal history was discussed at **sentencing**, the Commonwealth did not present any evidence at **trial** to establish that Appellant met any of the criteria under Subsection 6105(b) or (c) that would prohibit him from possessing a firearm, or that, for an F3 grading of theft from a motor vehicle pursuant to Subsection 3934(b)(2), this was his third or subsequent offense within a 5-year period. *See* 18 Pa.C.S.A. §§ 3934(b)(2), 6105(a)-(c). Accordingly, with respect to Docket 2140, we reverse Appellant's convictions of persons not to possess firearms and theft from a motor vehicle.[5] Because our disposition disrupts the trial court's overall sentencing scheme, we remand for resentencing.

Affirmed in part and reversed in part. Case remanded for resentencing. Jurisdiction relinquished.

---

[5] Because the appeal at Docket 2142 was quashed, we do not disturb any of the convictions, including theft from a motor vehicle, at that docket.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/18